UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                      NO: 13-4722

LAND                                        SECTION:
                                            J(3)


**ORDER AND REASONS**

Before the Court is a *Motion for Attorneys' Fees and Costs* **(Rec. Doc. 50)** filed by Defendant, Walter Dan Thompson, Jr. ("Thompson"), as well as an *Opposition* **(Rec. Doc. 56)** by Plaintiff, the United States of America ("the Government"), and Defendant's *Reply* (**Rec. Doc. 60**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motions should be **DENIED**.


**PROCEDURAL AND FACTUAL BACKGROUND**

Walter Dan Thompson, Jr. was the owner of a 1.014 acre tract of unencumbered land located on the north side of Highway 11 and the south side of the Mississippi River in Buras, Louisiana, located in Plaquemines Parish. After Hurricane Katrina, the Army Corps of Engineers set out to repair the levee that runs between Thompson's property and the river. To perform the repairs, the Corps determined that it was necessary to acquire an easement over

1

0.648 acres of Thompson's property, and the government filed this action on June 5, 2013 to acquire that easement. This left Thompson a remaining tract of 0.366 unencumbered acres.

The parties encountered two issues of material dispute throughout the course of this lawsuit. First, as part of its exercise of eminent domain, the Army Corps removed four mature live oak trees that closely surrounded the residence on Thompson's property, but which were located on the taken portion of the property. Thompson contended that because the trees were located close to the residence, they comprised a significant portion of the value of his remaining property. Thompson sought recovery for the diminution in value to his current property as a result of the removal of the oak trees. The Court settled this issue based on the parties' pleadings, finding that Thompson was prevented from introducing evidence to support a calculation of the value of the oak trees, as he was not entitled to recover the value of the trees.[1]

The second issue comprising the lawsuit was the value of just compensation to which Thompson was entitled as a result of the Government's establishment of an easement on his property. Initially, the Government offered Thompson a value of $15,200, based on a pre-condemnation appraisal conducted by their expert.

---

[1]This issue was resolved in an Order issued by this Court on June 5, 2014 granting the Government's Motion to Exclude Testimony Which Violates the Unit Rule and Seeks Non-Compensable Damages. (Rec. Doc. 25).

The Government then entered this amount into the registry of the Court. Thompson rejected the offer on the basis of his expert's report, which appraised the value of the land at $26,000. The parties ultimately submitted to a settlement conference, conducted by Magistrate Judge Shushan, in which the parties stipulated that the Government would pay the entire $26,000 sought by Thompson as just compensation for the easement. This Court subsequently issued a judgment enforcing this stipulation, and requiring the Government's payment of $26,000 while reserving Thompson's right to seek attorneys' fees under the Equal Access to Justice Act, 28 U.S. C. § 2412 ("EAJA"). (Rec. Doc. 47). Pursuant to this judgment, Thompson filed the instant motion on September 4, 2014, seeking a total EAJA award of $52,040, composed of $10,200 in expert fees and $41,840 in attorneys' fees.

## DISCUSSION

Under the EAJA, a Court shall award attorneys' fees and costs to a prevailing party in a civil action brought by or against the United States, "unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (2011). Thompson asserts that he is entitled to costs and fees pursuant to the EAJA as he is a prevailing party, the Government was not substantially justified in its position throughout the litigation, and no special circumstances are present which would render an award unjust. The

Government argues first that Thompson is not entitled to attorneys' fees under the EAJA, and also that the fees and costs sought by Thompson are unreasonable.

Thompson first contends that he is a prevailing party within the context of the EAJA. Despite the fact that he was unable to recover the amount he originally sought for the four live oak trees, Thompson argues that he prevailed on the issue of compensation as evidenced by the fact that the Government eventually stipulated to payment of the full $26,000 of compensation sought by Thompson, despite their original offer of a mere $15,200. The Government, in response, argues that Thompson does not qualify as a prevailing party in accordance with the language of the EAJA because he was not victorious at trial, and that he is precluded from achieving prevailing party status as a result of his settlement.

A party is considered to prevail in a lawsuit if he succeeds on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Milton v. Shalala,* 17 F.3d 812, 813 (5th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A 1985 amendment to the EAJA specifically defines "prevailing party" as:

> [I]n the case of eminent domain proceedings . . . a party who obtains a final judgment (*other than by settlement*), exclusive of interest, the amount of which is at least as close to the highest valuation of the property involved that is attested to at trial on behalf of the property owner as it is to the highest valuation

4

> of the property involved that is attested to at trial on behalf of the Government.

28 USC § 2412(d)(2)(H) (2011) (emphasis added). The language of the statute is unambiguous; it precludes all parties in eminent domain proceedings whose claims are resolved via settlement, rather than trial, from recovering attorneys' fees from the government pursuant to the EAJA. Further, Congress has explained the strict interpretation of this definition in its House Report, which provides that this definition "expressly denies the status of prevailing party to any party who obtains a judgment by settlement." H.R. Rep. No. 99-120(I), § 2, at *18 (1985).

Despite this clear language, Thompson maintains in his Reply that this Court should find that he qualifies as a prevailing party.[2] Thompson contends that a rule precluding parties from recovering attorneys' fees in eminent domain lawsuits resolved through settlement would result in an "absurd result." (Rec. Doc. 60, p. 2). However, regardless of the policy promoted by Thompson, the language of the statute is unambiguous. As noted by the Tenth Circuit, "in the context of § 2412(d)(1)A) . . . we are not free to

---

[2] In his motion, Thompson originally argues that he qualifies as a prevailing party pursuant to the Fifth Circuit's language in *U.S. v. 329.73 Acres of Land, Situated in Grenada and Yalobusha counties, State of Miss*, which provides that the test for a prevailing party in an eminent domain proceeding "clearly include[s] a landowner who won by judgment or negotiation far more than the government had offered or admitted liability for in a condemnation case." 704 F.2d 800, 809 (5th Cir. 1983). However, this test has been implicitly overruled by the aforementioned amendment to the EAJA providing a definition for "prevailing party" which excludes parties subject to an eminent domain lawsuit resolved by settlement.

create exceptions to Congress' unambiguous statutory language, even to prevent manifest injustice." *U.S. v. Harrell*, 642 F.3d 907, 909 (10th Cir. 2011) (citing *U.S. v. 1002.35 Acres of Land*, 942 F.2d 733, 735-37 (10th Cir. 1991)). In light of this, the unambiguous definition of "prevailing party" applies, to the exclusion of parties who resolve eminent domain proceedings via settlement as opposed to trial.

Thompson also asserts that he should not be precluded from seeking attorneys' fees because a vital part of his stipulation was the preservation of his right to seek attorney's fees under the EAJA, as evidenced by the language of the final judgment (Rec. Doc. 60, p. 4). The Court finds that this argument does not hold merit. The final judgment in no way implies that Thompson would be entitled to attorneys' fees, but instead simply states:

> Any legal fees, costs, or expenses . . . shall be recoverable *only to the extent the court determines to make such an award* after full consideration of Defendants' EAJA application and Plaintiff's opposition, or as otherwise agreed by the parties.

(Rec. Doc. 47) (emphasis added). After considering Thompson's application for attorneys' fees as well as the requirements of the EAJA, pursuant to this language in the final judgment, the Court finds that Thompson is not entitled to recover attorneys' fees and costs.

In the absence of a showing by the party moving for fees and costs that he qualifies as a prevailing party, an award of

6

attorneys' fees and costs is not appropriate. *Save Our Wetlands, Inc. v. Conner*, 2001 WL 406318, at *2 (E.D. La. Apr. 19, 2001) (Barbier, J.). Because Thompson did not acquire the compensation sought via trial, he has not proven that he qualifies as a prevailing party and is not eligible under the EAJA to recover attorneys' fees and costs incurred in this lawsuit. As such, it is unnecessary for the Court to consider whether the Government was substantially justified in its position throughout the lawsuit or whether the fees and costs sought by Thompson are reasonable.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Attorneys' Fees and Costs* **(Rec. Doc. 50)** is **DENIED**.

New Orleans, Louisiana this 29th day of October, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

7